**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

| | |
|---|---|
| **DR. THAO LATHAM**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**TREEHOUSE CHILDRENS DENTISTRY, P.A.**, a Florida professional association, **BONITA DENTAL CARE, P.A.**, a Florida professional association, and **DR. FREDERICK ECK**, an individual,<br><br>Defendants. | **CIVIL ACTION**<br><br>**Case No.  2:19-cv-316**<br><br>**Judge:**<br><br>**Mag. Judge:** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **DR. THAO LATHAM** ("Latham" or "Plaintiff"), by and through undersigned counsel, and states the following for her Complaint:

## CAUSES OF ACTION

1.      This is an action brought under the federal Fair Labor Standards Act ("FLSA"), and Florida common law for (1) unpaid minimum wage and retaliation in violation of the FLSA, and (2) breach of contract under Florida common law.

## PARTIES

2.      Plaintiff, **DR. THAO LATHAM ("LATHAM"** or "Plaintiff") is an individual and a resident of Florida who at all material times worked in Lee County, Florida and was employed by the Defendants.

3.      Defendant, **TREEHOUSE   CHILDRENS   DENTISTRY,   P.A.** ("**TREEHOUSE**"), is a Florida professional association and is a covered employer under the FLSA (29 U.S.C. §203(d), (r) and (s)). **TREEHOUSE** consists of several professional dental

offices and has gross annual sales well in excess of $500,000.00 per year and is engaged in interstate commerce. **TREEHOUSE**'s employees are engaged in interstate commerce and their business model specifically caters to persons traveling interstate. **TREEHOUSE** collects monies all kinds of insurance, most of which is from out-of-state sources, including the receipt of federal monies from Medicare reimbursement. **TREEHOUSE** has the authority to hire, fire, assign work, withhold work and affect the terms and conditions of persons like **LATHAM**. **PRACTICE** supervised and controlled **LATHAM**'s work schedules and conditions of employment, in addition to determining the rate and method of payment for **LATHAM**. **TREEHOUSE** maintains employment records of **LATHAM**. **TREEHOUSE** was the employer of **LATHAM**.

4.       Defendant, **BONITA DENTAL CARE, P.A.** ("**PRACTICE**"), is a Florida professional association and is a covered employer under the FLSA (29 U.S.C. §203(d), (r) and (s)). **PRACTICE** consists of several professional dental offices and has gross annual sales well in excess of $500,000.00 per year and is engaged in interstate commerce. **PRACTICE**'s employees are engaged in interstate commerce and their business model specifically caters to persons traveling interstate. **PRACTICE** collects monies all kinds of insurance, most of which is from out-of-state sources, including the receipt of federal monies from Medicare reimbursement. **PRACTICE** has the authority to hire, fire, assign work, withhold work and affect the terms and conditions of persons like **LATHAM**. **PRACTICE** supervised and controlled **LATHAM**'s work schedules and conditions of employment, in addition to determining the rate and method of payment for **LATHAM**. **PRACTICE** also maintains employment records of **LATHAM**. **PRACTICE** was the employer of **LATHAM**.

5.       The Defendant, **DR. FREDERICK ECK** ("**ECK**") is an individual and is a covered employer under the FLSA (29 U.S.C. §203(d), (r) and (s)). **ECK** had the authority to hire,

2

fire, assign work, withhold work and affect the terms and conditions of persons like **LATHAM**. **ECK** supervised and controlled **LATHAM**'s work schedules and conditions of employment, in addition to determining the rate and method of payment for **LATHAM**. **ECK** maintains employment records of **LATHAM**. **ECK** was the employer of **LATHAM**.[1]

6.      At all times relevant to the instant action, the Defendant **PRACTICE** was **LATHAM**'s employer within the meaning of the FWA, F.S. §440.205 and under Florida common law.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction of this matter under 28 U.S.C. §1331.

8.      This Court has supplemental jurisdiction over **LATHAM**'s state law claims pursuant to 28 U.S.C. § 1367.

9.      Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff worked in, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Lee County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.02(b)(5) since Lee County is within the Fort Myers Division.

## GENERAL ALLEGATIONS

10.      **LATHAM** was hired by the Defendants on October 1, 2019 as a pediatric dentist and was assigned to work at **TREEHOUSE**.

11.      **TREEHOUSE** and **PRACTICE** are essentially the same entity. Both are located at 8951 Bonita Beach Road, Bonita Springs, Florida 34135. They share personnel interchangeably

---

[1]      **TREEHOUSE**, **PRACTICE** and **ECK** are referred to herein as "Defendants."

and pediatric patients are frequently seen at **PRACTICE** and non-pediatric patients can also be seen at **TREEHOUSE**. Both entities share common ownership in **ECK**.

12.     **LATHAM** entered into a written agreement with **TREEHOUSE** for a 2-year term of employment. (*See* Ex. A).

13.     Pursuant to the terms of that agreement, **TREEHOUSE** was to compensate **LATHAM** at a rate of $1,150.00 per day.

14.     **LATHAM** began work for the Defendants on October 1, 2019 and always performed her assigned duties in a professional manner and was very well qualified for her position.

15.     **LATHAM** worked 19-days in October 2019 and should have been paid a gross amount of $21,850.00.

16.     However, in early November 2019, the Defendants issued a check to **LATHAM** for only $5,000, which check was signed by **ECK** and which check was ultimately returned for insufficient funds.

17.     Thereafter, **LATHAM** demanded payment for $21,850 for October 2019 and demanded her wages for the first 2-weeks of November 2019, but the Defendants refused to issue payment and instead demanded that **LATHAM** continue working or else be terminated.

18.     After working for nearly 6-weeks with no wages whatsoever, and faced with the Defendants' demand that she work without the guarantee of future wages, **LATHAM** had no choice but to resign her employment, which she did on November 13, 2019.

19.     **TREEHOUSE** thus breached the contract by its failure to pay **LATHAM** at her daily rate of $1,150 per day, and has violated the FLSA by failing to pay her any wages at all and

also constructively terminating her employment, which was to be for at least 2-years and at a minimum rate of $1,150 per day.

## COUNT I: VIOLATION OF THE FLSA- UNPAID MINIMUM WAGE- TREEHOUSE, PRACTICE & ECK ("DEFENDANTS")

20. The Plaintiff hereby incorporates Paragraphs 1-19 in this Count as though fully set forth herein.

21. The Defendants were required by the FLSA to pay **LATHAM** at least minimum wage for all hours worked by **LATHAM**.

22. The Defendants had operational control over all aspects of **LATHAM**'s day-to-day functions during her employment, including compensation.

23. The Defendants were **LATHAM**'s "employer" and is liable for violations of the FLSA in this case.

24. The Defendants violated the FLSA by failing to pay **LATHAM** at least minimum wage for all hours worked each week.

25. As a result of the foregoing, **LATHAM** has suffered damages of lost wages.

26. The Defendants are the proximate cause of **LATHAM**'s damages.

**WHEREFORE,** the Plaintiff prays that this Honorable Court enter a Judgment in her favor and against both Defendants for an amount consistent with evidence, together with liquidated damages, the costs of litigation, interest, and reasonable attorneys' fees.

## COUNT II – FLSA RETALIATION- PRACTICE & ECK ("DEFENDANTS")

27. Plaintiff incorporates by reference Paragraphs 1-19 of this Complaint as though fully set forth below.

28. At all material times, **LATHAM** was an employee and the Defendants were her employer.

29.     **LATHAM** believed in good faith, and a reasonable employee in the same or similar circumstances would also believe, that the Defendants were violating the FLSA by virtue of their nonpayment of wages.

30.     The Defendants were aware of **LATHAM**'s objection to the Defendants' violations of the FLSA, to wit: being forced to work for no wages at all.

31.     By requiring her to continue working for no wages at all, the Defendants took adverse employment action against **LATHAM**, who was thus constructively discharged.

32.     As a direct and proximate result of engaging in statutorily protected conduct as referenced and cited herein, **LATHAM** has lost the benefits and privileges of her employment and has been substantially and significantly injured in her career path that was anticipated from her employment.

33.     As a direct and proximate result of engaging in statutorily protected conduct as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against them, **LATHAM** is entitled to all relief necessary to make her whole.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i.      Injunctive relief directing this Defendants to cease and desist from all retaliation against employees who engage in speech protected by the FLSA;

ii.     Back pay and all other benefits, perquisites and other compensation for employment which Plaintiff would have received had she maintained her position with the Defendants, plus interest, including but not limited to lost salary and bonuses;

iii.    Liquidated damages;

iv.    Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

v.     Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of the Defendants' actions;

vi.    Declaratory relief declaring the acts and practices of the Defendants to be in violation of the statutes cited above;

vii.   Reasonable attorney's fees plus costs;

viii.  Compensatory damages, and;

ix.    Such other relief as this Court shall deem appropriate.

## COUNT III: BREACH OF CONTRACT

34.    The Plaintiff hereby incorporate Paragraphs 1-19 in this Count as though fully set forth herein.

35.    A contract existed between **LATHAM** and **TREEHOUSE**.

36.    **LATHAM** was an employee of **TREEHOUSE**.

37.    **TREEHOUSE** was required to compensate **LATHAM** at her regular rate of pay of $1,150 per day.

38.    **TREEHOUSE** had operational control over all aspects of the **LATHAM**'s day-to-day functions during her employment, including compensation.

39.    **TREEHOUSE** failed to pay **LATHAM** pursuant to the terms of the contract, which contract was to be for a 2-year term.

40.    **TREEHOUSE** has breached the contract by refusing to pay **LATHAM** her regular rate of pay.

41.    As a result of the foregoing, **LATHAM** has suffered damages of lost wages.

42.     **TREEHOUSE** is the proximate cause of **LATHAM**'s damages.

**WHEREFORE,** Plaintiff pray that this Honorable Court enter a Judgment in her favor and against the Defendant for an amount consistent with evidence, the costs of litigation, interest, and reasonable attorneys' fees under F.S. §448.08.

## JURY DEMAND

**NOW COMES** the Plaintiff and hereby request a trial by jury on all issues triable by jury.

Respectfully submitted,

Dated: April 30, 2020          **s/ Benjamin H. Yormak**
                               Benjamin H. Yormak
                               Florida Bar Number 71272
                               Trial Counsel for Plaintiff
                               YORMAK EMPLOYMENT & DISABILITY LAW
                               9990 Coconut Road
                               Bonita Springs, Florida 34135
                               Telephone: (239) 985-9691
                               Fax: (239) 288-2534
                               Email: byormak@yormaklaw.com